No. 24-1674

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| EDDIE L. BOLDEN, | Appeal from the United States District Court, Northern District of Illinois, Eastern Division |
| Plaintiff-Appellee, | |
| v. | No. 17-cv-00417 |
| DETECTIVE ANGELO PESAVENTO; POLICE OFFICER JAMES OLIVER; the ESTATES of DETECTIVES GEORGE KARL and EDWARD SIWEK; and THE CITY OF CHICAGO, | The Honorable, **Steven C. Seeger**, Judge Presiding. |
| Defendants-Appellants. | |

## DEFENDANTS-APPELLANTS' DOCKETING STATEMENT

Defendants-appellants Detective Angelo Pesavento, Police Officer James Oliver, the Estates of Detectives George Karl and Edward Siwek, and the City of Chicago, by their attorney, Mary B. Richardson-Lowry, Corporation Counsel of the City of Chicago, hereby submit the following docketing statement pursuant to 7th Cir. R. 3(c):

1. Plaintiff-appellee Eddie L. Bolden's first amended complaint named as defendants the City of Chicago and ten then-living Chicago police officers – Michael Baker, Joseph Barnes, Edward Hicks, William Higgins, Michael Kill, James Oliver, Angelo Pesavento, Michael Rowan, Edward Siwek, and Barbara Temple – as well as

1

the estate of deceased Chicago Police Detective George Karl and an unspecified number of "as-yet unknown City employees." R. 40 at 1. Five of that pleading's eleven counts asserted that the individual defendants were liable under 28 U.S.C. § 1983 for violations of the United States Constitution – specifically, unfair criminal trial violative of the Due Process Clause, R. 40 at 14-15 (count I); false arrest (unreasonable pre-legal-process pretrial detention) violative of "constitutional rights" Bolden did not specify, R. 40 at 19 (count V); malicious prosecution, which, Bolden contended, violated both the Fourth and Fourteenth Amendments, R. 40 at 20 (count VI); and failure to intervene (count II) and civil conspiracy (count III), each based on the constitutional violations asserted in counts I, V, and VI, R. 40 at 15-17. Three other counts asserted that the individual defendants were liable for violations of state law – specifically, malicious prosecution (count VII), intentional infliction of emotional distress (count VIII), and civil conspiracy (count IX). R. 40 at 20-22. And the three remaining counts were against the City, asserting that, based on Monell, it was liable under section 1983 (count IV) for the constitutional violations asserted in counts I, II, III, V, and VI, R. 40 at 17-19, and was also liable on state-law claims for respondeat superior, R. 40 at 22-23 (count X), and indemnification, R. 40 at 23 (count XI). The district court had jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343, and over the state-law claims pursuant to 28 U.S.C. § 1367.

2. All claims against all defendants were resolved in the district court. Bolden dropped the constitutional claim for unreasonable pre-legal-process pretrial

detention. R. 170 (second amended complaint, lacking count V of first amended complaint); see also 81 at 11 n.4 (Bolden's agreement to withdraw count V). The district court dismissed the due-process unfair-criminal-trial claim as to some of the grounds Bolden asserted for it, R. 133 at 7-13, 19, and also ruled that the federal malicious-prosecution count, while stating a section 1983 claim for unreasonable post-legal-process pretrial detention (pretrial detention pursuant to legal process) violative of the Fourth Amendment, R. 133 at 16-18, did not state a claim based on the Fourteenth Amendment, R. 133 at 18, 19. Thereafter, the court bifurcated and stayed the Monell claim, R. 213; granted summary judgment for the individual defendants on the remainder of the due-process unfair-criminal-trial claim, except insofar as Bolden contended that his criminal trial was unfair because the police lineup at which a witness had identified him as the assailant was unduly suggestive, R. 276 at 16-50; see also R. 275; and also granted summary judgment for the individual defendants on the federal failure-to-intervene and federal civil-conspiracy claims to the same extent it granted summary judgment for them on the due-process unfair-criminal-trial claim, R. 276 at 50; see also R. 275.

Meanwhile, the court dismissed Detective Kill and the estates of Detectives Karl and Higgins, R. 69; R. 167; R. 168; see also R. 276 at 3 n.3; R. 70 at 2; R. 159; R. 159-1; R. 170 at 1 & n.1, and granted a motion by Bolden to dismiss Officer Hicks voluntarily, R. 147; see also R. 149. After Bolden filed a second amended complaint, R. 170, he filed a third amended complaint that dropped as defendants Lieutenant Barnes, Detectives Baker and Rowan, Officer Temple, and the "as-yet-unknown

3

City employees," R. 236 at 1. Bolden also filed a fourth amended complaint that substituted Detective Siwek's estate for Detective Siwek, R. 391 at 1, after which, in accordance with stipulations of the parties, R. 70, 498, Detective Karl's estate, despite having been dismissed previously, R. 69, was reinstated as a defendant, see R. 453 at 2.

3. At that point the remaining defendants were Detective Pesavento, Officer Oliver, and the estates of Detectives Karl and Siwek (together "the officers"), as well as the City. Seven of the eight claims against the officers were at least partially unresolved (the exception being the constitutional claim for unreasonable pre-legal-process pretrial detention, which Bolden had withdrawn). To the extent that those seven claims were unresolved, they were tried to a jury. R. 599 at 23, 26, 28, 30, 31, 33, 39, 40. Although all three claims against the City were likewise unresolved, they were not tried; the <u>Monell</u> claim was still bifurcated, and the state-law respondeat superior and indemnification claims were entirely derivative of the claims against the officers that were tried, since it was undisputed that all alleged wrongful acts of the officers were within the scope of the officers' employment with the City. During the trial, defendants moved orally, at the close of Bolden's case, for judgment as a matter of law under Fed. R. Civ. P. 50(a), R. 652 (10/25/21 Tr.) at 3359, and also reiterated that motion orally shortly before closing arguments, R. 656 (10/27/21 Tr.) at 3979; <u>see also</u> R. 674 at 1-2. The district court had not decided that motion when the jury returned a verdict for Bolden on all seven claims that were tried. The jury awarded Bolden $25,000,000 in compensatory damages

4

against the officers, as well as $100,000 in punitive damages against Detective Pesavento and $100,000 in punitive damages against Officer Oliver. R. 615.

On August 25, 2022, the district court entered an order denying defendants' Rule 50(a) motion for judgment as a matter of law. R. 671 at 1-47.[1]

4. On September 30, 2022, the court granted a motion by Bolden to voluntarily dismiss the Monell claim. R. 674 at 1; see also R. 675 at 1. The court also entered a separate judgment pursuant to Fed. R. Civ. P. 58 for Bolden against the officers on the jury's verdict, and for Bolden against the City on the respondeat-superior and indemnification claims, R. 675 at 1-2.

5. On October 28, 2022, the parties filed four post-judgment motions – for judgment as a matter of law under Rule 50(b), R. 681; for a new trial under Rule 59, R. 683; a Rule 59(e) motion by Detective Pesavento and Officer Oliver for a remittitur on the punitive damage awards, R. 682; and a Rule 59(e) motion by Bolden to amend the judgment to include prejudgment interest, R. 680. Having been filed on the twenty-eighth day after the entry of judgment, all four motions were timely under the applicable rules, Fed. R. Civ. P. 50(b), 59(b), and thus "the time to file an appeal [from the September 30, 2022 judgment would] ru[n] . . . from the entry of the order disposing of the last such remaining motion," Fed. R. App. P. 4 (a)(4)(A). On March 23, 2024, the district court entered an order denying

---

[1] That order accurately stated that defendants had brought the Rule 50(a) motion at the close of Bolden's case during the trial, but inaccurately stated that defendants had "renewed their motion after the jury verdict," rather than before closing arguments. R. 671 at 1. That order also inaccurately referred to the Rule 50(a) motion as a Rule 50(b) motion. The court later acknowledged these inaccuracies. R. 674 at 1-2; R. 724 at 26 n.9.

5

defendants' Rule 50(b) motion for judgment as a matter of law.  R. 724.  On March 24, 2024, the court entered orders denying defendants' motion for a new trial, R. 726, and Detective Pesavento's and Officer Oliver's motion for a remittitur on the punitive damages awards, R. 727.  Also on March 24, 2024, the court entered an order granting Bolden's motion to amend the judgment to include prejudgment interest.  R. 728.  On April 12, 2024, the court entered an amended judgment pursuant to Fed. R. Civ. P. 58 for Bolden against the officers on the jury's verdict, plus prejudgment interest and attorney's fees and costs, and for Bolden against the City on the respondeat-superior and indemnification claims.  R. 733.[2]  Defendants filed a notice of appeal on April 22, 2024.  R. 757.  This court has jurisdiction pursuant to 28 U.S.C. § 1291 over this appeal from a final judgment disposing of all claims.

    Respectfully submitted,

    MARY B. RICHARDSON-LOWRY
    Corporation Counsel
     of the City of Chicago

By:    s/ JULIAN N. HENRIQUES, JR.
    **JULIAN N. HENRIQUES, JR.**
    Senior Counsel
    **SUZANNE M. LOOSE**
    Chief Assistant Corporation Counsel
    30 North LaSalle Street, Suite 800
    Chicago, Illinois 60602
    Direct: (312) 744-6793
    Julian.Henriques@cityofchicago.org

---

[2] The parties had previously agreed to an amount of fees and costs and stipulated that judgment would be entered in that amount if the court denied the defendants' post-trial motions.  R. 705.

# CERTIFICATE OF SERVICE

The foregoing Defendants-appellants' Docketing Statement has been electronically filed on April 26, 2024.  I certify that I have caused the document to be served on all counsel of record via CM/ECM electronic notice on April 26, 2024.

s/ Julian N. Henriques, Jr.
JULIAN N. HENRIQUES, JR., Attorney