No. 24-1674

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE SEVENTH CIRCUIT

| | |
|---|---|
| EDDIE L. BOLDEN, | ) Appeal from the United States |
| | ) District Court, Northern District of |
| Plaintiff-Appellee, | ) Illinois, Eastern Division |
| | ) |
| v. | ) No. 17-cv-00417 |
| | ) |
| DETECTIVE ANGELO PESAVENTO; | ) The Honorable, |
| POLICE OFFICER JAMES OLIVER; the | ) **Steven C. Seeger**, |
| ESTATES of DETECTIVES GEORGE | ) Judge Presiding. |
| KARL and EDWARD SIWEK; and THE | ) |
| CITY OF CHICAGO, | ) |
| | ) |
| Defendants-Appellants. | ) |

## APPELLANTS' MOTION TO SUSPEND BRIEFING OR, ALTERNATIVELY, TO EXTEND THE TIME TO FILE THEIR OPENING BRIEF

Defendants-appellants Detective Angelo Pesavento, Police Officer James Oliver, the Estates of Detectives George Karl and Edward Siwek, and the City of Chicago move this court to suspend briefing in this appeal pending this court's resolution of *Blackmon v. Jones*, or, alternatively, to extend the time to file their opening brief to September 17, 2024. A declaration in support thereof is attached.

1.   The primary issues in this case are also presented in another appeal pending in this court, *Blackmon v. Jones* (No. 23-3288). *Blackmon* was orally argued on August 6, 2024.

2.	In this case, Bolden sued the City of Chicago and several police officers alleging claims arising out of his prosecution and conviction for two murders and an attempted murder. The case was eventually tried to a jury, which returned a verdict for Bolden of $25 million, plus $200,000 in punitive damages.

3.	The central claim before the jury was a putative section 1983 due-process unfair-criminal-trial claim alleging that the police lineup at which Bolden was identified as the assailant was unduly suggestive. The district court ruled that a plaintiff can hold police officers liable on a claim that the officers' use of unduly suggestive identification procedures caused his criminal trial to be unfair in violation of due process even without proof that the officers concealed from prosecutors, or fabricated, any of the evidence concerning the identification procedures, relying primarily on *Alexander v. City of South Bend*, 433 F.3d 550 (7th Cir. 2006). *Bolden v. Pesavento*, 2024 WL 1243004, *23-*24. Defendants will argue in this appeal that this was reversible error.

4.	*Blackmon* presents the same legal issue. *E.g.*, *Blackmon v. Jones*, No. 23-3288, CA7 Dkt. 24 at 17-27 (*Brief and Short Appendix of Defendants-Appellants)*; *id.* Dkt. 37 at 1-17 (*Reply Brief of Defendants-Appellants); Transcript of Oral Argument, Blackmon v. Jones*, No. 23-3288 (heard August 6, 2024).

5.	This court's decision in *Blackmon* is therefore likely to bear heavily on the briefing and resolution of the present case.

6.	The court's decision in *Blackmon* may well inform the briefing and resolution of other claims in this case as well. For example, this case also involves a

Fourth Amendment malicious-prosecution claim for unreasonable pretrial detention pursuant to legal process and a state-law malicious-prosecution claim.  Defendants' arguments on those claims likewise concerned whether the police officers engaged in any conduct that interfered with decisions of prosecutors about additional aspects of Bolden's prosecution.  *E.g.*, R. 681 at 9-18; *see Bolden*, 2024 WL 1243004, *26-*29.  For this additional reason, suspension of briefing in this appeal could simplify greatly the briefing in this case, and could avoid the need for any supplemental filings once *Blackmon* is decided.

　　　　7.　　Defendants therefore request that the court suspend briefing in this appeal pending the court's decision in *Blackmon*.

　　　　8.　　In the alternative, defendants request an extension of time until September 17, 2024 to file their opening brief, for the reasons set forth in the attached declaration.

　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　MARY B. RICHARDSON-LOWRY
　　　　　　　　　　　　　　　　Corporation Counsel
　　　　　　　　　　　　　　　　　of the City of Chicago

　　　　　　　　　　By:　　<u>s/ JULIAN N. HENRIQUES, JR.</u>
　　　　　　　　　　　　　　**JULIAN N. HENRIQUES, JR.**
　　　　　　　　　　　　　　Senior Counsel
　　　　　　　　　　　　　　MYRIAM ZRECHNY KASPER
　　　　　　　　　　　　　　 Deputy Corporation Counsel
　　　　　　　　　　　　　　30 North LaSalle Street, Suite 800
　　　　　　　　　　　　　　Chicago, Illinois 60602
　　　　　　　　　　　　　　Direct: (312) 744-6793
　　　　　　　　　　　　　　julianhenriques@cityofchicago.org
　　　　　　　　　　　　　　appeals@cityofchicago.org

# DECLARATION

I, JULIAN N. HENRIQUES, JR., state that I am a Senior Counsel in the Appeals Division of the City of Chicago's Law Department, am assigned to prepare appellants' opening brief in this appeal, and have knowledge of the following:

    1. The opening brief is due August 16, 2024. This is appellants' first motion for an extension of time to file it.

    2. I will not be able to file the opening brief by its due date, August 16, 2024, or sooner than September 17, 2024, in that:

    a. Preparation of that brief is underway, but has been, and will continue to be, extremely time-consuming. The record in this case is voluminous. The case was tried to a jury, which awarded the plaintiff $25,000,000 in compensatory damages on seven claims and $200,000 in punitive damages, and the district court also awarded more than $7,600,000 in pre-judgment interest. The parties presented 32 witnesses and dozens of exhibits at trial, which lasted thirteen days and produced a transcript that exceeds 4,000 pages. R. 671 at 8. Moreover, one of the claims is that the plaintiff had been convicted at a criminal trial that was unfair, R. 671 at 4, 9-10; and that trial lasted four days, R. 671 at 4, and produced a transcript consisting of about 750 pages. There are also hundreds of pages of post-trial briefing under Rules 50 and 59 addressing many issues, and lengthy district court rulings on those motions. And the opening brief in this appeal will cover numerous significant legal issues.

    b. I will be unable to work on the opening brief in this appeal from August 29, 2024 through September 5, 2024, during which I will be preparing for, and presenting, oral argument to this court in *Starstone Insurance SE v. City of Chicago* (No. 23-2712), in which I was the attorney who had primary responsibility for preparing the appellee's brief.

    c. On Monday, September 16, 2024, I will be out of Illinois on a previously planned vacation.

    Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Executed: August 9, 2024

                                                     s/ Julian N. Henriques, Jr.
                                                     JULIAN N. HENRIQUES, JR., Attorney

**CERTIFICATE OF FILING/CERTIFICATE OF SERVICE**

      I certify that on August 9, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Seventh Circuit by using the CM/ECF system. All participants in the case are registered CM/ECF users and will be served by the CM/ECF system.

                                            s/ Julian N. Henriques, Jr.
                                            JULIAN N. HENRIQUES, JR.